GORTON vs, BARBIN.

When the whole matter does not appear, the presumption is that the judge's charge was correct.

APPEAL from the court of the seventh district —the judge of the fifth presiding.

PORTER, J. delivered the opinion of the court. The plaintiff claims $5,000 damages from the defendant in consequence of the latter stating in an affidavit made before a justice of the peace, that a robbery had been committed of his property by a negro, and "that the effects stolen were kept and could be found at Mr. Lewis Gorton's, the said Lewis Gorton knowing them to be stolen."

The plaintiff's grounds of complaint are set out in a petition and amended petition. They are not perhaps stated with all the clearness of which his case is susceptible, but we think it results from the whole, that the plaintiff intended to charge, and did charge the defendant on two grounds—*first*, for having libelled and slandered him—and *second*, for a malicious prosecution.

Whether the case was put on both grounds to the jury, the record does not inform us. There was a verdict for the defendant, and the plaintiff appealed.

During the trial a bill of exceptions was ta-

ken, on which arises the only question that has been presented for our consideration.

The court charged the jury " that the affidavit contains no charge of a criminal nature; that it was not charged the plaintiff had received the stolen goods: that the affidavit only charges, that the defendant verily believes that the robbery was committed by a negro man Jack, and that the effects are kept and can be found at Mr. Lewis Gorton's—the said Gorton knowing them to be stolen. That the goods might be kept at the house of said Gorton and he be innocent. That if the warrant which issued on the affidavit contained any thing more than was set forth in the affidavit, the defendant was not responsible, but the justice.

In this opinion we concur. The affidavit did not contain a criminal accusation, and the justice of the peace acted incorrectly in issuing a warrant on it. There is no charge, the plaintiff received the effects, knowing them to be stolen, nor any that he concealed them. The allegation is nothing more than he knew stolen goods were at his house.

But though strictly and technically considered, the affidavit did not charge the plaintiff

with any offence punishable by the laws of his country, it cannot be denied that to ordinary understandings it conveyed an imputation which had a tendency to injure him, and the judge should have charged the jury that if they believed the expressions were used for the purpose of defaming him, the defendant was responsible. Whether he did so or not, we cannot say. The whole charge does not come up. We can only pass on what was before us. We are bound to presume in the absence of any thing to the contrary appearing, that the judge stated the law correctly to the jury, on all points of the case. The defendant before this court, has disclaimed all intention of accusing the plaintiff with criminality, or improperly having, or concealing the goods, and it was we presume on these grounds the verdict below was rendered.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Scott & Gorton* for the plaintiff—*Thomas* for the defendant.